IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARIO LAVELL COCKERHAM | § | |
| VS. | § | CIVIL ACTION NO.   1:13-CV-282 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Mario Lavell Cockerham, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court.  The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge.  The Magistrate Judge recommends denying the petition.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings.  Petitioner filed objections to the Magistrate Judge's Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  For the reasons stated in the Magistrate Judge's report and recommendation, the Court concludes the objections are without merit as to the issues addressed in the report.  To the extent, petitioner raises new issues in his objections, those issues also lack merit.

First, petitioner objects to the Magistrate Judge's orders denying petitioner's motions for an evidentiary hearing and appointment of counsel. A District Judge may reconsider any pretrial matter referred to a Magistrate Judge where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). After reviewing the pleadings and petitioner's objections, the Court concludes that the Magistrate Judge's rulings were not clearly erroneous or contrary to law. The Magistrate Judge correctly concluded that petitioner was not entitled to an evidentiary hearing or the appointment of counsel.

Petitioner also contends that he is actually innocent of the offense. The Supreme Court has not recognized a freestanding claim of actual innocence as a ground for federal habeas relief. *McQuiggin v. Perkins*, __ U.S. __ , 133 S. Ct. 1924, 1931 (2013); *Burton v. Stephens*, 543 F. App'x 451, 458 (5th Cir. 2013); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). However, actual innocence, if proved, may excuse a procedural bar to federal habeas review of constitutional claims. *McQuiggin*, 133 S. Ct. at 1928. To pass through the actual innocence gateway, the petitioner must show that, in light of new, reliable evidence, no jury would have found him guilty beyond a reasonable doubt. *Id*. Petitioner argues that he would likely have been acquitted if the jury was able to hear new testimony that the E-Coli found in the victim's lungs could have caused Sudden Infant Death Syndrome. In his report and recommendation, the Magistrate Judge summarized the extensive evidence supporting petitioner's conviction. *See also Cockerham v. State*, No. 09-09-00180-CR, 2010 WL 3041169, at *1-3 (Tex.App.–Beaumont Aug. 4, 2010). In light of the substantial evidence of his guilt, petitioner has not shown that no jury would have found him guilty if he had been able to present testimony regarding an E-Coli infection. Therefore, this claim lacks merit.

Additionally, in this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

**<u>ORDER</u>**

Accordingly, petitioner's objections (document no. 54) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge (document no. 50) is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation. A certificate of appealability will not be issued.

So **ORDERED** and **SIGNED** this **28** day of **March, 2016.**

_____

Ron Clark, United States District Judge